UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAURICE SUBLETT,<br>　　*Plaintiff*, | )<br>)<br>) |
| *vs.* | ) 　1:11-cv-0633-JMS-TAB<br>) |
| SAM'S EAST, INC. d/b/a SAM'S CLUB,<br>　　*Defendant*. | )<br>)<br>)<br>) |

## **ORDER**

On May 12, 2011, Defendant Sam's East, Inc. d/b/a Sam's Club ("Sam's East") removed this case pursuant to 28 U.S.C. § 1441(b), asserting that this Court may exercise diversity jurisdiction over this matter. [Dkt. 1 at 2.] Although Plaintiff has not contested diversity, the Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). Having reviewed the record, the Court cannot assure itself that it does.

First, in its Notice of Removal, Sam's East neglects to mention the other Defendant named in the state-court complaint—Sam's Real Estate Business Trust. [Dkt. 1.] It should go without saying that the Court must be assured of the citizenship of *all* parties to an action before it may exercise diversity jurisdiction.[1] *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993) (finding a notice defective for omitting one party's citizenship to establish diversity, not for failing to comply with removal requirements).

---

[1] The Court notes that the absence of all named Defendants also renders the Notice of Removal procedurally defective. *See, e.g., N. Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982) ("[A] petition filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants.").

Additionally, Sam's East claims that Plaintiff is a citizen of Kentucky. [Dkt. 1 at 1.] Plaintiff's state-court complaint, however, only asserts that Plaintiff is a resident of Kentucky. [Dkt. 1-6 at 2.] "[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Finally, Sam's East argues that "based upon the allegations in Plaintiff's complaint," it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs. [Dkt. 1 at 2.] In the complaint itself, however, Plaintiff simply asserts he "sustain[ed] serious injuries and damages," as well as "permanent shock to his nerves and nervous system," which has and will continue to result in "medical expenses" and wage loss. [Dkt. 1-6 at 2-3.] Plaintiff further asserts in the state-court complaint that such damage is "a sum in excess of the jurisdictional limits of this Court." [*Id.* at 3.]

The Court therefore **ORDERS** all named parties to this case to meet and confer regarding their citizenship and the amount in controversy, and to submit a joint-jurisdictional statement setting forth the same no later than **Thursday, May 19, 2011**.

05/12/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Philip Harrison Cade
SALES TILLMAN & WALLBAUM ET AL.
sgentry@stwlaw.com

Thomas L. Davis
FROST BROWN TODD LLC
tdavis@fbtlaw.com